USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/13/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA<br><br>-against-<br><br>CARL HALL,<br><br>Defendant. |
|---|

00-cr-103 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.

On July 7, 2000, Carl Hall was indicted for, and pled guilty to, participation in a violent drug trafficking organization called the "Young Guns." He was charged with two criminal counts: (1) racketeering activities, including one murder, two attempted murders, conspiracy to commit murder and conspiracy to distribute and possess with the intent to distribute crack, cocaine and heroin in violation of 18 U. S. C. § 1962 (c); and (2) conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. Carl Hall now moves under 18 U.S.C. § 3582(c)(1)(B) for a reduction in the term of his imprisonment based on Section 404(b) of the First Step Act of 2018, P.L. 115-391, § 404(b), 132 Stat. 5194, 5220 (2018).

The Court originally sentenced Hall to life imprisonment. The Court later vacated his sentence in accordance with United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), and resentenced Hall to a below Guidelines sentence of 40 years. In 2009, Hall filed a

motion seeking appointment of counsel and modification of this sentence, which the Court denied. 00 Cr. 103, ECF No. 62. In 2013, Hall moved for a sentence reduction pursuant to the Fair Sentencing Act. 00 Cr. 103, ECF No. 71. The Court denied that motion because the crack cocaine weight had no effect on the applicable Guidelines offense level. 00 Cr. 103, ECF No. 70.

Hall's motion for resentencing under the First Step Act is denied for the same reason his Fair Sentencing Act motion was denied. Under the First Step Act and Section 3582(c)(1)(B), courts may reduce the sentences of only those defendants who were sentenced without the benefit of the Fair Sentencing Act "to the extent" those defendants' statutory sentencing exposure would be different under the Fair Sentencing Act's modified drug weight thresholds. See 18 U.S.C. § 3582(c)(1)(B) (providing that a court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute"); First Step Act of 2018, P.L. 115-391, § 404(a)-(b) (permitting a court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed").

As this Court has already held, "the narcotics count and [drug possession] racketeering act had no effect on the total offense level applied at Mr. Hall's sentencing." 00 Cr. 103, ECF No. 70. The Fair Sentencing Act's reduced drug weight thresholds

thus could have no impact on Hall's sentence now. Accordingly, resentencing is not warranted under the First Step Act and Hall's motion is hereby denied.

SO ORDERED.

Dated: New York, NY

January 9, 2020

JED S. RAKOFF, U.S.D.J.