UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

CARL HALL,

Defendant.

00-cr-103 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.

On July 7, 2000, Carl Hall was indicted for, and pled guilty to, participation in a violent drug trafficking organization called the "Young Guns." He was charged with two criminal counts: (1) racketeering activities, including one murder, two attempted murders, conspiracy to commit murder and conspiracy to distribute and possess with the intent to distribute crack, cocaine and heroin in violation of 18 U.S.C. § 1962(c); and (2) conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. The Court originally sentenced Hall to life imprisonment. The Court later vacated his sentence in accordance with United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), and resentenced Hall to a below Guidelines sentence of 40 years. Hall, whose projected release date is January 24, 2037, now moves for compassionate release pursuant to 18 U.S.C. § 3582(c).

Prior to the enactment of the FIRST STEP Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prison ("BOP") could file a motion for compassionate release to courts. The FIRST STEP Act amended this provision to permit an inmate to file a motion for compassionate release following the exhaustion of his or her administrative remedies with the Bureau of Prisons ("BOP") or 30 days after submitting a request to the appropriate Warden. See 18 U.S.C. § 3582(c)(1)(A). After these preconditions are met, the Court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. The relevant policy statement provides that a sentence reduction is permitted if, inter alia, "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

Although the parties dispute whether Hall has exhausted his administrative remedies, this exhaustion requirement is waivable where, as here, release is sought based on the risk posed by COVID-19. See United States v. Haney, No. 19-cr-541 (JSR), 2020 WL 1821988, *4 (S.D.N.Y. Apr. 13, 2020). Accordingly, and even assuming Hall has not exhausted his administrative remedies, the

Court may proceed to the merits of Hall's motion. Moreover, because the Government concedes that Hall has established "extraordinary and compelling" reasons for his release because he suffers from chronic kidney disease,[1] the Court need only address whether relevant policy statements and the 3553(a) factors support granting Hall's motion. For the following reasons, the Court finds that they do not.

As an initial matter, Hall's motion must be denied because Hall presents a "danger . . . to the community." U.S.S.G. § 1B1.13(2). Hall was convicted of extremely serious and violent crimes, including attempted murder, murder, and torture. Moreover, he committed these acts as part of a broader drug trafficking organization that perpetrated several other crimes and acts of violence. As such, Hall presents a clear danger to the community, and any reduction in his sentence would be inconsistent with applicable policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A).

Moreover, the 3553(a) factors weigh against compassionate release, constituting an additional independent ground for denial. First, granting Hall's motion after he has served only about half of the 40 year prison sentence the Court imposed would fail "to

---

[1] Because of this concession, the Court need not reach Hall's argument that his mental health conditions independently constitute such extraordinary and compelling circumstances.

reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A). As noted, Hall's crimes were of the most serious nature, and require substantial punishment. Indeed, the sentence of 40 years that the Court imposed already represents a downward departure from the Sentencing Guidelines recommendation. Any further reduction is thus unwarranted. Second, Hall's completion of a 40-year sentence is necessary to afford adequate deterrence to the defendant. Id. § 3553(a)(2)(B). Prior to the instant offense, Hall was sentenced to 28 months' imprisonment for assault, and three to six years' imprisonment for attempted criminal possession of a controlled substance. These sentences were not enough to deter Hall from recidivating, justifying a much more substantial custodial term in this case. Third, as indicated above Hall's continued imprisonment is necessary to protect the public from further crimes of the defendant. Id. § 3553(a)(2)(C). Finally, Hall's long history of disciplinary infractions while incarcerated indicates that he has not yet fully rehabilitated such that early release is warranted. Id. § 3553(a)(1).

Accordingly, Hall's motion for compassionate release is denied.

SO ORDERED.

Dated:   New York, NY

August 20, 2020

_____

JED S. RAKOFF, U.S.D.J.