UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>CARL HALL,<br>        Defendant. | 00-cr-103 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

    Carl Hall, who is currently serving a 40-year sentence for his participation in a violent drug-trafficking organization called the "Young Guns," again asks this Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). See ECF No. 113. Twice previously Hall requested that this Court grant him compassionate release, see ECF Nos. 88, 95, and twice previously the Court denied his motions, see ECF Nos. 90, 96. Nevertheless, because of Hall's deteriorating health, the Court this time appointed counsel to assist him, and papers have now been received from that counsel, as well as from the Government in opposition.

    In denying Hall's prior motions, this Court particularly emphasized the seriousness of Hall's underlying offense conduct. He pleaded guilty to two criminal counts: (1) racketeering activities, including one murder, two attempted murders, conspiracy to commit murder and conspiracy to distribute and possess with the intent to distribute crack, cocaine and heroin in

1

violation of 18 U.S.C. § 1962(c); and (2) conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. The Court originally sentenced Hall to life imprisonment, but it later vacated his sentence in accordance with United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). The Court resentenced Hall to a below-Guidelines sentence of 40 years. Hall's projected release date is May 26, 2037.

If Hall had not identified a change in circumstances since the Court denied his earlier compassionate-release motions, it would again deny the instant motion without further ado. But Hall's motion brings to the Court's attention a serious change in circumstances: his deteriorating health. Most significantly, Hall has been diagnosed with chronic kidney disease, see ECF No. 114 at 11, ECF No. 116 at 4 n.1, and unspecified B-cell lymphoma, see Reply Ex. 1. The Government concedes that Hall's diagnosis "with an advanced form of cancer" presents "an extraordinary and compelling reason for a sentence reduction as defined by the U.S.S.G." ECF No. 119 at 3-4. But it argues that Hall's "[m]otion should still be denied because the sentencing factors weigh heavily against releasing [him] into the community." Id. at 4.

The Government is correct that "extraordinary and compelling reasons are necessary -- but not sufficient -- for a defendant to obtain relief under § 3582(c)(1)(A)." United States v. Jones, 17

2

F.4th 371, 374 (2d Cir. 2021). The Court must "consider 'the factors set forth in section 3553(a)' before granting relief." Id. (quoting § 3582(c)(1)(A)); see also id. ("[A] district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release.") (internal quotation marks omitted).

The Court finds two of the factors listed in § 3553(a) particularly relevant to resolving the instant motion. In this case, the Court has repeatedly emphasized "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." See 18 U.S.C. § 3553(a)(2)(A). For example, at Hall's re-sentencing after the Supreme Court's decision in Booker, the Court stated: "And I think when all is said and done, while some modest alternative to life imprisonment is therefore warranted in this case, any sentence that would not be a very substantial, very substantial period of time would just be wrong in this Court's view, given the underlying horrific acts involved." ECF No. 115-21 at 14:16–21. The Court reiterated this view in its August 20, 2020 order denying one of Hall's earlier filed compassionate-release motions: "Hall's crimes were of the most serious nature, and require substantial punishment. Indeed, the sentence of 40 years that the Court imposed already represents a downward departure from the Sentencing Guidelines recommendation. Any

3

further reduction is thus unwarranted." ECF No. 90 at 4; see also ECF No. 96 at 1-2.

The Court has observed, too, that the seriousness of his offense heightens "the need for the sentence imposed to protect the public from further crimes of the defendant." § 3553(a)(2)(C). To wit: "Hall was convicted of extremely serious and violent crimes, including attempted murder, murder, and torture. Moreover, he committed these acts as part of a broader drug trafficking organization that perpetrated several other crimes and acts of violence. As such, Hall presents a clear danger to the community." ECF No. 90 at 3.

Still, as already noted, Hall's cancer diagnosis is serious and marks a significant change in circumstances from his earlier motions. The Court further recognizes that the § 3553(a) factors allow a court to consider "the need for the sentence imposed to provide the defendant with needed . . . medical care." § 3553(a)(2)(D). The Court is also troubled by Hall's account of the delays and inadequacies that he claims have characterized his treatment by the Bureau of Prisons. See, e.g., ECF No. 121 at 2-3. For that reason, the Court earnestly hopes that the Bureau timely processes Hall's proposed transfer to a facility providing

4

a higher tier of medical care (as described in an email from USP Coleman's Clinical Director).[1]

But there are counterbalancing factors that make Hall's requested reduction in sentence and early release from prison entirely inappropriate. Even putting aside the severity of his offense conduct, Hall has not demonstrated that he has overcome the dangerous behavior that led to his incarceration and made him a continuing danger to the community.[2] Specifically, he has racked up more than 100 infractions of prison rules, involving, among other things, possession of a blade, throwing feces at staff, and starting multiple fires. See generally ECF No. 115-4. While Hall attributes his misbehavior to underlying mental illness (as well as time in solitary confinement), no reasonable observer could believe that he does not continue to represent a true threat to society that might well be realized if he were released prematurely.

_____

[1] Although the Court understands that Hall is not satisfied with the speed of his treatment, the Court's review of his updated medical records -- provided by the Government -- indicates that, at the very least, he regularly receives medical attention. Nonetheless, the Government is hereby ordered to continue to monitor the situation and, until and unless Hall is transferred to a facility providing a better tier of medical care, to provide the Court with monthly reports as to his health status and the treatment being given to him at his current facility.

[2] Indeed, Hall urges the Court to disregard his earlier offense conduct because it "occurred when [he] was between the ages of 16 and 18." ECF No. 114 at 19.

5

In short, notwithstanding Hall's serious health problems, his motion for compassionate release must be denied. See, e.g., United States v. Shakur, 498 F. Supp. 3d 490, 499-500 (S.D.N.Y. 2020) (denying compassionate release despite defendant's cancer); United States v. Herrera, No. 01 CR 01098, 2023 WL 3947608, at *3 (N.D. Ill. June 12, 2023) (denying compassionate release despite defendant's prostate cancer and other medical conditions); United States v. Mateo, No. H-01-521-1, 2022 WL 4348472, at *3 (S.D. Tex. Sept. 16, 2022) (denying compassionate release despite defendant's prostate cancer); see also United States v. Proctor, No. 21-2457, 2022 WL 1261762, at *1 (7th Cir. Apr. 28, 2022) (affirming district court's denial of a compassionate-release motion despite defendant's rare blood cancer).

For the foregoing reasons, Hall's motion is DENIED.

SO ORDERED.

New York, NY
January 17, 2025

_____
JED S. RAKOFF, U.S.D.J.